IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY RICARDO MALONE, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 4:CV-16-1231 |
| | : |
| U. S. DISTRICT COURT, | : (Judge Brann) |
| | : |
| Respondent | : |

## **MEMORANDUM**

July 6, 2016

**Background**

Ricky Ricardo Malone, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan) filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Maryland. Named as Respondent therein is the United States District Court. The Petition is accompanied by an in forma pauperis application.

By decision dated June 20, 2016, the District of Maryland transferred the matter to this Court without making any determination as to Malone's in forma pauperis application. The District of Maryland noted that the Petition asserts allegations of extortion and harassment by prison officials and seeks a transfer. See Doc. 3, p. 1. Based upon the nature of Petitioner's claims and the injunctive relief being sought, the

District of Maryland concluded that it lacked jurisdiction.

According to the Petition, Malone is presently serving a 78 month sentence imposed by the District of Maryland on or about January 31, 2014 as the result of a plea agreement.[1] Petitioner's pending action generally asserts that USP-Canaan officials are preventing him from filing forms and completing prison programs. He adds that prison officials do not return his wife's telephone calls, have attempted to extort money from his family, and have subjected him to verbal threats.[2]

The Petition also vaguely alleges that "I have 78 month plea agreement and they have went over that time."[3] Id. at ¶ IV. As relief, he seeks his removal from USP-Canaan and transfer to a facility where his drug abuse and mental health issues may be addressed. See id. at ¶ V.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254

---

[1] Malone indicates that he received a career offender enhancement and that he challenged his plea and/or sentence ia petition filed under 28 U.S.C. § 2255 which was denied on March 29, 2016.

[2] A supplement accompanying the Petition generally adds that Malone's eyebrows were cut off and the nerves in his eyes have been damaged.

[3] It would not appear that a 78 month sentence imposed on or about January 31, 2014 has expired.

Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979).  The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993).  Federal habeas corpus review is available only "where the deprivation of

rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of the sparsely worded petition in the instant matter, it is apparent that Malone has not set forth a viable claim of entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. Malone's vague assertion that "they have went over that time [sentence]" is insufficient to set forth a cognizable federal habeas corpus claim. Doc. 1, ¶ IV. There is simply no discernible claim by Malone that the alleged violations of his constitutional rights by prison officials included a loss of good time credits or otherwise extend the length of his confinement. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Malone's incarceration. See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17,

4

1997)(McClure, J.). Moreover, as relief, Malone seeks only a transfer to another correctional not any type of sentence reduction or adjustment. As such, Malone has not raised a claim related to the execution of his sentence as contemplated in Woodall. Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be denied as meritless without prejudice to any right Malone may have to reassert his present claims of constitutional misconduct by USP-Canaan officials in a properly filed civil rights complaint.[4] See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); and Hewlett v. Holland, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA [Prison Litigation Reform Act], his claims will be dismissed, without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

In addition, Malone, if he so chooses, may initiate a properly supported § 2241 habeas corpus action with this Court regarding any alleged illegal conduct by prison

---

[4] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Malone may file based upon the facts asserted herein.

officials which he feels has adversely affected the duration of his ongoing federal confinement.  An appropriate Order will enter.

                                 BY THE COURT:

                                 <u>s/ Matthew W. Brann</u>
                                 Matthew W. Brann
                                 United States District Judge